The plaintiffs in this case are not beneficiaries. As the district court pointed out, and we agree, the rights of beneficiaries are derivative from the rights of participants. Since the plaintiffs are not participants, they are not beneficiaries. We find nothing in the Plan that designates plaintiffs as beneficiaries, nor is there any allegation that any participants in the Plan at the time of its termination have designated plaintiffs to be their beneficiaries.

The result we reach in this case is compelled under the applicable law. We recognize that the actions of the Plan Administrators may appear to constitute unjust enrichment and that the plaintiffs appear to have been deprived of benefits that would have been theirs had the Plan been terminated earlier. However, ERISA simply does not give to persons in the plaintiffs' position standing to contest such actions, and since the Administrators were not guilty of unlawful conduct in pursuing the course they did, we have no basis to disturb the result.

Accordingly, the judgment of the district court is AFFIRMED.[3]

Before KENNEDY, GUY and NORRIS, Circuit Judges.

PER CURIAM.

We have before us the petition of The United States for a rehearing of this appeal, with a suggestion for rehearing en banc. The United States for the first time questions the district court's jurisdiction of the subject of plaintiff's cause of action. The question of jurisdiction over the subject matter may be raised at any time, even at this late stage in the litigation.

Because the petition raises troubling questions concerning jurisdiction which cannot be resolved upon the record on appeal, this cause must be remanded to the district court in order that the jurisdictional issues may be explored adequately.

The petition for rehearing is granted to the extent that this cause is remanded to the district court for further proceedings and resolution of the claim of the United States that the court lacked jurisdiction over the subject matter of plaintiff's action. This court retains jurisdiction over the appeal, and the suggestion for rehearing en banc is held in abeyance.

**Cindylou A. YARDAS (Wilson), Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee,**

**Paul L. Wilson; and Norman G. Zemmelman, Defendants.**

No. 88–3932.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 1990.

MEMORANDUM OPINION AND ORDER.

Prior report: (6th Cir.) 899 F.2d 550.

**Sheila J. KORTE, Plaintiff–Appellant,**

v.

**Ronald DIEMER, et al., Defendants–Appellees.**

No. 88–3114.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 12, 1988.

Decided Aug. 8, 1990.

---

**3.** On appeal, the defendants contend that money damages cannot be recovered from the Plan Administrators under the cause of action asserted by the plaintiffs. In addition, the appellees have moved to dismiss unnamed appellants, because the notice of appeal in this case listed appellants only as "Donna Teagardener, et al." In light of our holding that the plaintiffs do not have standing in this case, however, we find it unnecessary to address these claims.